Erie and Western Transportation Company v. Robert T. Gaines.

Gen. No. 10,890.

1. SAFE PLACE TO WORK—*when instruction as to right of a servant to assume that a, has been furnished, is improper.* An instruction which tells the jury that a servant has the right to assume that the place of work which has been furnished him by his master is safe, is erroneous where its language is such as to exclude the duty of the servant to observe obvious defects and to exercise ordinary care.

2. SAFE PLACE TO WORK—*when instruction summarizing essentials to recover for failure to furnish, should be given.* A particular form of instruction set forth in this opinion, summarizing the essentials to recover for an alleged failure of a master to furnish a safe place to work, held good.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed February 13, 1904.

Statement by the Court. Appellee was a longshoreman in the employ of appellant and at the time he sustained the injuries for which this suit was brought, was engaged in hoisting from the hold to the main deck of appellant's ship Susquehanna, barrels of sugar. The hold was about eighteen feet deep. The hatch through which the sugar was hoisted was eighteen feet long and fourteen feet wide. A skid consisting of two planks, each fourteen inches wide, with a space of three inches between them, ran from the hold to the top of the combing of the hatch. Eight inches from the skid on each side was a ring bolt. These ring bolts were necessary in discharging a cargo of grain, when a steam shovel was used, but were not used in discharging barrels or other package freight. The skid stood at a slight angle from perpendicular. In hoisting a barrel it was placed against the skid, and hooks attached to the hoisting rope, were hooked on the chimes of the barrel at each end. The hoisting apparatus was on the deck and so placed that in hoisting a barrel it pressed against the skid. Ap-

pellee placed the barrels in position, fastened the hoisting hooks on the chimes, and gave the signals to hoist. A barrel which had been hoisted some distance from the bottom of the hold fell, struck appellee and injured him, for which injuries he had a verdict and judgment thereon, to reverse which this appeal is prosecuted.

D. J. and D. J. SCHUYLER, Jr., for appellant; D. J. SCHUYLER, of counsel.

W. E. RAMSEY and KRUSE & PEDEN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention of appellee is that appellant was guilty of negligence in failing to take reasonable care to provide appellee a reasonably safe place to work and reasonably safe apparatus and appliances with which to work. The declaration charged that appellant negligently permitted said ring bolts to remain in the combing of the hatch; that a barrel struck against one of said rings and the chimes of said barrel were broken, the hoisting hooks detached therefrom, and thereby the barrel fell on appellee and injured him.

Whether the ring bolts extended beyond the face of the combing as appellee contends, or were flush therewith as appellant contends; whether said ring bolts were in place at the time that appellee was injured as appellee contends, or had been removed as appellant contends; whether the barrel struck a ring bolt which caused it to fall as appellee contends; or it fell before it had been raised high enough to strike a ring bolt, if they were in place, as appellant contends, are all questions of fact upon which the evidence is conflicting.

The court gave for appellee this instruction: "The jury are further instructed that at the time the plaintiff entered into the employ of the defendant, or thereafter, he was not bound to inquire whether the premises where he was assigned to work were reasonably safe for the performance of the duties assigned to him, but had the right to assume

that the defendant would provide a reasonably safe place in which to perform the duties assigned to him." This instruction as applied to the facts of the case was erroneous and misleading. The duty of inspection rests upon the employer and not upon an employee; but an inspection was not required to determine whether the ring bolts were in place or had been taken out. That could readily have been determined by observation merely.

The duty to use reasonable diligence in observing the hatch through which he was assisting to hoist heavy barrels of sugar and reasonable care to discover a defect in it, was upon appellee; but by this instruction the jury were told that appellee at the time he entered the employ of appellant, "or thereafter, was not bound to inquire whether the premises where he was assigned to work were reasonably safe for the performance of the duties assigned to him." From this instruction that appellee was not bound during the time of his employment "to inquire whether the premises where he was assigned to work were reasonably safe," the jury might well infer that he was not bound to use any diligence to observe said premises or any care to discover any defect therein.

The court refused to give for appellant the following instruction:

"The court further instructs the jury that in order to entitle the plaintiff to recover for the failure of the defendant to remove the eye bolts from the side of the hatch on which he was working before commencing to hoist from the hold of the vessel, he must show:

1st. That the side of the eye bolts at the time of the accident had not been removed and were in place and that the said eye bolts were the cause of the accident.

2nd. That the defendant had notice or knowledge of the fact that said eye bolts had not been removed from the side of the hatch on which the plaintiff was working, or that the defendant might have had notice thereof by the exercise of ordinary care.

3rd. That the plaintiff did not know that the said eye bolts had not been removed from the side of the hatch when he commenced to fasten the hook to the barrels of sugar, to be hoisted from the hold of the vessel to the

deck, and that he had no means of knowledge thereof equal to that of the defendant.

4th.    That he was, in relation to the accident in question, in the exercise of ordinary care.

And the jury are further instructed that if the plaintiff fails to prove by a preponderance of the evidence any one of the four propositions, they must find the issues for the defendant."

In Armour v. Brazeau, 191 Ill. 117, it was held reversible error to refuse to give this instruction for the defendant. In that case there was a knot in a plank upon which plaintiff stood while at work for defendant which weakened the plank and rendered it unsafe. The presence of a knot in the plank and the dangers arising therefrom were no more obvious and open than the presence of the ring bolts in the combing of the hatch in this case, and the danger arising therefrom, and upon the authority of that case we hold that the instruction should have been given.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*